Cassandra VAN NOSTRAND,
M.D., Appellant,

v.

The UNIVERSITY OF MINNESOTA; C.
Peter McGrath, Its President; Dr. E.
Gedgaudas; and Dr. Phillipe R. L'Heu-
reux as University employees and indi-
vidually, Appellees.

No. 80–1931.

United States Court of Appeals,
Eighth Circuit.

Submitted June 16, 1981.

Decided Aug. 11, 1981.

Donald J. Heffernan, St. Paul, Minn., for
appellant.

Dorsey, Windhorst, Hannaford, Whitney
& Halladay, Thomas Tinkham, argued, Joel
Lavintman, Minneapolis, Minn., for appel-
lees.

Before McMILLIAN and ARNOLD, Cir-
cuit Judges, and HANSON,[*] District Judge.

PER CURIAM.

Cassandra Van Nostrand appeals from a
final order entered in the District Court[1]
for the District of Minnesota denying her
motion to reopen and dismissing with preju-
dice her sex discrimination action against
the University of Minnesota Medical Center
and certain medical school professors. *Van
Nostrand v. University of Minnesota*, No.
Civil 4–79–191 (D.Minn. Sept. 3, 1970) (or-
der). For reversal appellant argues that
the district court abused its discretion in
granting appellees' motion to dismiss with
prejudice for failure to comply with certain
discovery procedures and court orders. We
affirm on the basis of the district court's
memorandum opinion. *See* 8th Cir. R. 14.

Appellant began work as a resident in the
Department of Radiology at the University
of Minnesota Medical Center in July 1975.
Appellant experienced certain academic dif-
ficulties, which she alleges were the result
of unlawful sex discrimination by a predo-
minately male medical faculty and adminis-
tration, and was terminated from the resi-
dency program as of June 30, 1976. Appel-
lant filed sex discrimination claims with the
University, the state human rights commis-
sion, and the Equal Employment Opportu-
nity Commission. Appellant then filed this
sex discrimination action in federal district
court.

After more than a year of protracted
discovery litigation, including three court
orders compelling discovery, the district
court dismissed the action for failure to
comply with discovery procedures and court
orders but allowed appellant thirty days to
move to reopen the action upon perform-

---

[*] The Honorable William C. Hanson, United
States District Judge for the Northern and
Southern Districts of Iowa, sitting by designa-
tion.

[1] The Honorable Robert G. Renner, United
States District Judge for the District of Minne-
sota.

ance of certain conditions.[2] *Van Nostrand v. University of Minnesota*, No. Civil 4–79–191 (D.Minn. May 19, 1980) (order). Appellant then filed a motion to reopen the action. The district court found that appellant had failed to satisfy the conditions specified in the May 19 order and had willfully and inexcusably failed to comply with discovery orders and in doing so had acted in bad faith. The district court accordingly dismissed the action with prejudice pursuant to Fed.R.Civ.P. 37(b). This appeal followed.

As summarized in the district court's memorandum opinion, the record reflects appellant's failure to satisfy the conditions for reopening her action, repeated failure to make full and timely responses to the University's discovery requests, and failure to comply with three separate discovery orders despite explicit instructions from the district court. Under these circumstances the district court did not abuse its discretion in dismissing appellant's action with prejudice for failure to comply with discovery procedures and court orders. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976) (per curiam); *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 1095, 2 L.Ed.2d 1255 (1958); *General Dynamics Corp. v. Selb Manufacturing Co.*, 481 F.2d 1204, 1211 (8th Cir. 1973), *cert. denied*, 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974).

Accordingly, the order of the district court is affirmed.

---

**2.** Appellant was directed to pay some $700 in attorneys' fees assessed by the district court; fully comply with the University's first and second requests for documents by producing all such documents within her care, custody and control or to which she had access; fully answer all interrogatories; and provide the district court with an affidavit setting forth her compliance with the discovery orders.